Curia, per
Dargan, Ch.
The general reasoning of the decree, and its conclusions as to the rights of the parties, have met the approbation of this Court. I do not deem it necessary to enter into any further disquisition as to the questions of law and of fact, which I discussed in the circuit decree. There is one point, however, which, though made in the argument, and considered and adjudged by the Circuit Court, has not been discussed in that decree. It is to this point alone that I will address the observations which I now have to submit.
James Jaroe Arnett was one of the children of John Arnett. He was born on the 7th October, 1815, and he died on the 2d of September, 1828. He died before” he had quite attained his thirteenth year, and after the decease of his father. He was, consequently, one of the infant distributees of John Arnett’s estate. He died about six years before the settlement among the surviving distributees, which occurred on the 4th of February, 1834. There was no administration on his estate until after the filing of the complainant’s bill. It is contended that he was not a party to the settlement, *202 having died before it was made; that his legal representative is not bound by the settlement; that his estate was not then represented, inasmuch as administration of his estate was granted afterwards; and that, therefore, the principles of law upon which thp rights of the living distributees who were parties to the settlement were made to turn in the decree, were not applicable to the claim set up in behalf of the estate of James Jaroe Arnett.
In reference to this branch of the case, it would be sufficient to say, that administration was granted to David Nes-mitte, after the commencement of this suit. And, although the complainants have made him a party defendant, as entitled, in right of his wife, to one of the distributive shares of the estate of John Arnett, they have not charged him in his representative character, as the administrator of James Jaroe Arnett. Nor has he, in his character as the legal representative of James Jaroe Arnett, filed any bill, or served any process, against Wm. Camlin, who is-at present in possession of the negroes, claiming them in his own right. This objection is fatal to any claim in that behalf, arising on these pleadings.
But this Court is of the opinion that the administrator of James Jaroe Arnett would not be entitled to recover upon the merits. The time that has elapsed from the date of his death to the trial was eighteen years. This is not sufficient to bar the claim on a presumption arising upon the lapse of time. The doctrine is, where the party who sets up the presumption, in support of his title, relies solely upon the lapse of time, nothing short of twenty years will be sufficient to raise such presumption. But a shorter period than twenty years has often been considered sufficient, where there were auxiliary and corroborative circumstances. I will not undertake to say that such circumstances exist in this case. But there is one fact that is manifest. In the division of the estate of John Arnett, which occurred on 4th February, 1834, the distributees of that estate, the defendant, David Nesmitte, who is the administrator of James Jaroe Arnett, being one of them, proceeded to divide the whole estate of John Arnett, then admitted to be such, including the shares of James Jaroe Arnett and other deceased distributees, and not deeming an administration necessary. They represented, though irregularly, the interests of James Jaroe Arnett in that settlement, and, disregarding the forms of law, divided his share of what was admitted to be the estate of John Arnett among them. They thus became executors in their own wrong. And now, for the purpose of obviating the effects of the settlement and partition, which was full and complete, so far as the defendant, Camlin, then or since has admitted, the parties to it have put forward one of their num *203 ber to administer on the estate of James Jaroe Arnett. The statute of limitations, it is true, does not run until after nistration has been granted. This is the rule. But, where the parties, who are entitled to the fund or estate, have received it informally, and without an administration, and the same parties afterwards administer, or one for the rest, and set up a claimin their character as administrators for the fund or estate which they have already received, their claim would meet with no countenance or aid in this Court. And if, in a settlement based upon their equitable rights, they, supposing themselves not to need the instrumentality of a representative of the legal estate, have omitted something which ought or might have been included in the settlement, I do not perceive any reason why the statute should not run in favor of the party intended to be discharged, from the time of the settlement, as in the case of any other settlement with trustees. The only difference is that, in the one case, the settlement is made with a party seized of the legal estate in trust for others, and, in the second case, the settlement is made with the equitable and real owners themselves. I think the principle is equitable alike in both cases.
It is the opinion of this Court, that the administrator of James Jaroe Arnett stands in the same category with the other distributees of John Arnett, in regard to the claim which they set up in their bill, and that the bill was properly dismissed.
It is ordered and decreed that the circuit decree be affirmed, and the appeal be dismissed.
Johnston and Dunkin, CC., concurred.

Decree affirmed.